## AMOUNT OF PROPOSED ISSUE OF SCHOOL BONDS REDUCED.

Court of Appeals for Coshocton County.

### W. L. ROBINSON v. S. B. McDONALD ET AL.

Decided, February 17, 1916.

*Schools—Discretion of a Board Will Not be Interfered With by the Courts, Unless—But a Bond Issue Must Not Exceed the Proper Relation to the Tax Valuation of the Property of the District.*

1. The courts will not interfere with a board of education in the transaction of its business, unless it affirmatively appears from clear and convincing proof that the acts complained of amount to a gross and wanton abuse of discretion.
2. The court finds that statutory provisions will not permit of a bond issue by the defendant special school district in excess of $18,000 for the erection of a new school building, and the issue of bonds in excess of that amount is enjoined.

*W. S. Merrell,* for plaintiff.
*George D. Klein* and *Thomas H. Wheeler,* contra.

HOUCK, J.

This cause is here on appeal from the Common Pleas Court of Coshocton County.

The plaintiff is a resident and tax-payer of the Conesville special school district of Coshocton county, Ohio, and instituted this suit for the benefit of himself and other tax-payers of said school district, in which it is sought to enjoin the defendant, the board of education of the Conesville special school district, from issuing and selling certain bonds amounting to $25,000, which it had been authorized to do by vote of the voters of the district, for the purpose of erecting a new school building in said district. The bonds were to be of the face value of $500 each, and to bear five per cent. interest, and two bonds and the interest thereon were to be paid each year until all had been paid. Plaintiff also sought to enjoin the board of education

from razing the old school buildings now in use, and the erection of a new one in place of same.

The case was heard in the court below, and plaintiff was granted all the relief prayed for in his amended petition, and a perpetual injunction was issued against the board of education restraining it from issuing and selling said bonds, razing said old school buildings and erecting a new one. From the judgment of the court below the defendant appealed to this court, and the case was heard here on the original pleadings, certain facts agreed to by the parties, and a transcript of the testimony used in the trial below.

But two questions are presented in this controversy for the determination of the court, namely:

1. Did the board of education abuse its discretion in the premises?

2. Is the board of education authorized by law to issue and sell said bonds, and can a tax levy sufficient to pay same and the interest thereon be legally levied on the taxable property of the district?

For the sake of brevity we will discuss these two questions together. Courts will not interfere with a board of education in the transaction of its business, or in the performance of its acts which are authorized by law, unless it affirmatively appear by clear and convincing proof that such acts amount to a gross and wanton abuse of discretion. Whatever may be the rule elsewhere, it is clear to us that, in this state, courts are not inclined to and in fact will not restrain the official acts of a board of education unless they savor of fraud or a gross and intentional abuse of discretion, and the acts complained of must be wrongful, collusive and arbitrary.

From an examination of the transcript of the testimony in this case, we are fully convinced that the board of education acted in good faith. It was authorized by a vote of those entitled to vote in the district to do just what it was seeking to do, and therefore it can not be properly claimed that it acted arbitrarily and without some authority in the premises. At least a majority of the voters of the district sanctioned what it attempted to do.

But the more serious question in the case at bar, and the one which has caused us much research and examination of statutes, is: Will the tax value of the property in the district in question and the tax levy authorized by law warrant or permit the issuing and sale of bonds to the amount of $25,000? We must answer this in the negative. Without referring to the sections of the General Code of Ohio covering the question at issue here, and by which we must be governed in its solution, we deem it only necessary to say that we are of the opinion that the tax valuation of the property in said school district is sufficient to permit the issuing and sale of bonds to the amount of $18,000, and that the legal tax levy for school purposes will be sufficient to pay the interest thereon and retire a sufficient amount of the bonds each year, as well as provide an adequate fund to properly maintain the school during said time.

It is certainly apparent from an examination of the testimony submitted, and in fact it is not contradicted, that the present buildings are inadequate and not sufficient for the requirements of the pupils of the district; that the present buildings are old and need much repair, and if done would not sufficiently accommodate the necessities of the district.

In view of all these facts, and in order that proper and adequate school facilities may be had by the youth of this district, we hereby dissolve the perpetual injunction allowed by the common pleas court, save and except as to the issuing and selling of bonds in excess of $18,000, each party to pay his own costs.

Judgment may be entered in accordance with the views herein expressed, authorizing the issuance and sale of bonds in an amount not to exceed $18,000, but enjoining the issuing and sale of any bonds in excess of said sum of $18,000. If a motion for a new trial is filed the same is overruled. Exceptions.

SHIELDS, J., and POWELL, J., concur.